UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80746-CIV-COHN/SELTZER

JACKELYN POLANCO and JOSE A. POLANCO,

 Plaintiffs,

v.

U.S. BANK N.A. AS TRUSTEE ON BEHALF OF
CSFG MTG SECURITIES CORP. ADJUSTIBIBLE
RATE MTG TRUST 2006-3 ADJUSTIIBLE RATE
MTG-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2006-3, BAC HOME LOAN SERVICING,
N.A., and SMITH, HIATT & DIAZ, P.A.,

 Defendants.
_____/

## ORDER DENYING MOTION TO SET ASIDE DEFAULT

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Set Aside Default [DE 36] ("Motion").  The Court has considered the Motion and the record in this case, and is otherwise advised in the premises.

Plaintiffs commenced this action with the filing of their Verified Complaint on July 31, 2013.  DE 1.  On November 18, 2013, Defendants BAC Home Loan Servicing, N.A. and U.S. Bank, N.A. moved to dismiss the Verified Complaint.  DE 24 ("Joint Motion to Dismiss").[1]  Pursuant to S.D. Fla. L.R. 7.1(c), Plaintiffs' response to the Joint Motion to Dismiss was due on December 5, 2013, however Plaintiffs failed to respond.  On December 13, 2013, the Court accordingly ordered Plaintiffs to show cause by December 18, 2013, why the Court should not grant the Joint Motion to Dismiss by

---

[1] Defendant Smith, Hiatt & Diaz, P.A. simultaneously filed its own motion to dismiss (DE 22), and later filed an amended motion to dismiss (DE 32).

default. DE 33. Plaintiffs remained silent, and on December 19, 2013, the Court dismissed the Verified Complaint without prejudice and directed the Clerk of Court to close the case. DE 35 ("Dismissal Order").

On January 7, 2014, Plaintiffs filed the instant Motion. DE 36. Plaintiffs represent without elaboration that their failure to respond to the Joint Motion to Dismiss and the Court's subsequent Order to Show Cause was the fault of their attorney. Id. Plaintiffs effectively ask the Court to vacate its dismissal of the Verified Complaint, re-open this case, and grant a stay of 45 days so that Plaintiffs may retain new counsel or prosecute the action *pro se*. See id.

The Court declines to vacate its prior Dismissal Order. A district court may, in its discretion, dismiss an action for failure to comply with court orders or the applicable rules, such as those mandating the time for response to motions. Wieckiewicz v. Educ. Credit Mgmt. Corp., 443 F. App'x 449, 450 (11th Cir. 2011) (per curiam), cert. denied, 133 S. Ct. 34 (U.S. 2012); Rex v. Monaco Coach, 155 F. App'x 485, 486 (11th Cir. 2005) (per curiam). Here, the applicable local rules provide that failure to respond to a motion within the time provided justifies the grant of the motion by default. See S.D. Fla. L.R. 7.1(c). Because Plaintiffs failed to respond to the Joint Motion to Dismiss within the time set forth in the local rules, and further failed to comply with the Court's Order to Show Cause as to why the Joint Motion to Dismiss should not be granted, dismissal of this action was within the Court's discretion.

Moreover, a review of the record leads the Court to conclude that dismissal of the Verified Complaint was the most appropriate resolution of this controversy. Plaintiffs filed the Verified Complaint in July 2013. Since that time, Defendants have litigated this

action with the attention it deserves, participating in the scheduling of proceedings herein (see DE 26, 31, 34) and wading through a lengthy, confusing Verified Complaint—multiple counts of which might properly be subject to dismissal for lack of factual detail alone (see, e.g., DE 1 ¶ 185 (conclusory statement of negligent hiring and supervision claim))—to raise serious challenges to the substance of Plaintiffs' claims for relief.  Any disposition short of dismissal would be insufficient, as it would do disservice to the efforts and resources of Defendants expended in litigating this action while rewarding Plaintiffs for their repeated, contumacious disregard for the deadlines set forth in the local rules[2] and in this Court's Order to Show Cause of December 13, 2013.

Finally, Plaintiffs cannot escape the effects of their unresponsiveness by pointing to the alleged failings of their retained counsel.  See Jones v. Anheuser Busch, 331 F. App'x 708, 709–10 (11th Cir. 2009) (per curiam).  "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962).  To the extent that holding Plaintiffs accountable for the errors of their attorney might seem excessively harsh, the Court notes that it has dismissed Plaintiffs' claims without prejudice.  DE 35 at 2.  Plaintiffs are therefore free to re-file their suit, insofar as their claims are not time-barred.

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Set Aside Default [DE 36] is **DENIED**.

---

[2] The Court notes that Plaintiffs also failed to timely respond to the first motion to dismiss of Defendant Smith, Hiatt & Diaz, P.A.  See DE 22; S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of January, 2014.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Jackelyn Polanco
3014 Hamblin Way
Wellington, Florida 33414

Jose A. Polanco
3014 Hamblin Way
Wellington, Florida 33414